UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID JACKSON and
JANIE JACKSON,

                                        CASE NO.:

    Plaintiffs,

-VS-

CREDIT ONE BANK, N.A.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, David Jackson and Janie Jackson, by and through the undersigned counsel, and sue Defendant, Credit One Bank, N.A., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our

dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: "telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorney fees and costs.

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8.      The alleged violations described herein occurred in Osceola County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.      Plaintiffs are natural persons, and citizens of the State of Florida, residing in Kissimmee, Osceola County, Florida

10.      Plaintiffs are "consumers" as defined in Florida Statute § 559.55(8).

11.      Plaintiffs are "alleged debtors."

12.      Plaintiffs are the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13.      Defendant is a corporation with its principal place of business located at 6801 South Cimarron Road, Las Vegas, Nevada 89113, and which conducts business in the State of Florida.

14.      The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15.      Defendant is a "creditor" as defined in Florida Statute §559.55(5).

16.     Defendant called Plaintiffs on Plaintiffs' cellular telephone approximately two hundred (200) times in an attempt to collect a debt.

17.     Defendant attempted to collect an alleged debt from Plaintiffs by this campaign of telephone calls.

18.     Upon information and belief, some or all of the calls the Defendant made to Plaintiffs' cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiffs will testify that they knew it was an auto-dialer because of the vast number of calls they received and because they heard a pause when they answered their phone before a voice came on the line and/or they received pre-recorded messages from Defendant.

19.     Janie Jackson is the subscriber, and both Plaintiffs are the regular users and carriers of the cellular telephone number (336) ***-6151, and were the called party and recipient of Defendant's calls.

20.     Defendant placed an exorbitant number of automated calls to Plaintiffs' cellular telephone (336) ***-6151 in an attempt to collect on a debt related to two (2) credit cards in the Plaintiffs' possession.

21.     On several occasions over the last four (4) years, Plaintiffs instructed Defendant's agent(s) to stop calling their cellular telephone.

22.    The auto-dialer calls from Defendant were initiated from phone numbers including, but not limited to: 704-266-4406, and when that number is dialed an agent answers and says, "Thank you for calling Credit One Bank, this call may be monitored or recorded."

23.    Over the last four (4) years and through the filing of this Complaint, Defendant called the Plaintiffs on numerous occasions with such frequency as can reasonably be expected to harass, all in an effort related to collection of the subject account.  (Please see "Exhibit A" representing a non-exclusive call log of 139 calls from May 11, 2017 to June 21, 2017).

24.    Plaintiffs unequivocally revoked any express consent Defendant may have had for placement of calls to Plaintiffs' aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice on numerous occasions.

25.    In or about June of 2017, Plaintiff, David Jackson, answered an automated call from Defendant, met with an extended pause, held the line to be connected to an agent/representative of Defendant, was eventually connected to an agent/representative, explained to the agent that he and his wife, Janie Jackson, were aware of their obligations, were trying to get caught up, and asked that Defendant please stop calling their cellular telephone number.

26.    Each subsequent call the Defendant made to the Plaintiffs' aforementioned cellular telephone number was done so without the "express consent" of the Plaintiffs.

5

27.     Each subsequent call the Defendant made to the Plaintiffs' aforementioned cellular telephone number was knowing and willful.

28.     Again, a few weeks later in or about late-June of 2017, Plaintiff, David Jackson, answered an automated call from Defendant, met with an extended pause, held the line to be connected to an agent/representative of Defendant, was eventually connected to an agent/representative, explained to the agent that he had previously requested they stop calling his and his wife's cell phone, and requested again that Defendant please stop calling their cellular telephone number.

29.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiffs despite the Plaintiffs revoking any express consent the Defendant may have had to call their aforementioned cellular telephone number.

30.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

31.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiffs' cellular telephone in this case, with no way for the consumer, Plaintiffs, or Defendant, to remove the cellular telephone number.

32.     Defendant's corporate policy is structured so as to continue to call individuals like Plaintiffs, despite these individuals explaining to Defendant they wish for the calls to stop.

33.     Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

34.     Defendant has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

35.     Defendant has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

36.     Defendant's corporate policy provided no means for Plaintiffs to have their cellular telephone number removed from Defendant's call list.

37.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

38.     Not a single call placed by Defendant to Plaintiffs were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

39.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiffs.

40.     From each and every call placed without consent by Defendant to Plaintiffs' cellular telephone, Plaintiffs suffered the injury of invasion of privacy and the intrusion upon their right of seclusion.

41.     From each and every call without express consent placed by Defendant to Plaintiffs' cellular telephone, Plaintiffs suffered the injury of occupation of their cellular telephone line and cellular telephone by unwelcome calls, making the cellular telephone

unavailable for legitimate callers or outgoing calls while the cellular telephone was ringing from Defendant's calls.

42.     From each and every call placed without express consent by Defendant to Plaintiffs' cellular telephone, Plaintiffs suffered the injury of unnecessary expenditure of their time. For calls they answered, the time they spent on the call was unnecessary as they repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiffs had to waste time to unlock the cellular telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular telephone, which are designed to inform the user of important missed communications.

43.     Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephone was an injury in the form of a nuisance and annoyance to Plaintiffs. For calls that were answered, Plaintiffs had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiffs had to waste time to unlock the cellular telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular telephone, which are designed to inform the user of important missed communications.

44.     Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephone resulted in the injury of unnecessary expenditure of Plaintiffs' cellular telephone's battery power.

45.     Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephone where a voice message was left which occupied space in Plaintiffs' cellular telephone or network.

46.     Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephone resulted in the injury of a trespass to Plaintiffs' chattel, namely their cellular telephone and their cellular telephone services.

47.     As a result of the calls described above, Plaintiffs suffered an invasion of privacy. Plaintiffs were also affected in a personal and individualized way by stress, embarrassment, and aggravation.

## COUNT I
### (Violation of the TCPA by David Jackson)

48.     Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-seven (47) as if fully set forth herein.

49.     Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

50.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, David Jackson, respectfully demands a trial by jury on all issues so triable and judgment against Credit One Bank, N.A., for statutory

damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the TCPA by Janie Jackson)

51.     Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-seven (47) as if fully set forth herein.

52.     Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she wished for the calls to stop.

53.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Janine Jackson, respectfully demands a trial by jury on all issues so triable and judgment against Credit One Bank, N.A., for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FCCPA of David Jackson)

54.     Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-seven (47) as if fully set forth herein.

55.     At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

56.     Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

57.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

58.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff, David Jackson, respectfully demands a trial by jury on all issues so triable and judgment against Credit One Bank, N.A., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

<u>**COUNT IV**</u>
**(Violation of the FCCPA of Janie Jackson)**

59.     Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-seven (47) as if fully set forth herein.

60.     At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

61.     Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

62.    Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

63.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff, Janine Jackson, respectfully demands a trial by jury on all issues so triable and judgment against Credit One Bank, N.A., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Shaughn C. Hill*

Shaughn C. Hill, Esq.
FBN: 105998
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
shill@forthepeople.com
lcrouch@forthepeople.com
jsherwood@forthepeople.com
*Counsel for Plaintiffs*